IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PERNELL BROWN, a/k/a PERNELL　　　*
　WILLIAMS, #369-106
　　　　　　　　　　　　　　　　　　*
　　　　Plaintiff
　　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　　　　　　Civil Action No. GLR-13-1110
　　　　　　　　　　　　　　　　　　*
GWENDOLYN OLIVER, BCDC[1]
　　　　　　　　　　　　　　　　　　*
　　　　Defendant

****

# MEMORANDUM

Plaintiff, presently incarcerated at Western Correctional Institution in Cumberland, Maryland ("WCI"), seeks money damages and alleges Defendant is responsible for injuries Plaintiff received at the hands of fellow inmates on November 20, 2010, while detained at the Baltimore City Detention Center ("BCDC"). Plaintiff indicates that he suffered nerve damage after he was attacked by two unknown detainees while taking a shower, "due to a breach of security." ECF No. 1. Plaintiff does not, however, specify how Defendant, who was not the Warden at BCDC at the time of the incident, is responsible for his injuries. Id. Pending is Defendant's unopposed Motion to Dismiss.[2] ECF No. 12. The Court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D.Md. 2011). For the reasons that follow, Defendant's Motion shall be granted.

---

[1] The Clerk shall amend the docket to reflect Defendant's full name and to eliminate her designation as "Warden".

[2] Defendant's Motions for extension of time (ECF Nos. 10 and 11) shall be granted nunc pro tunc.

Defendant seeks dismissal of the Complaint because it lacks any specific allegations as to her and because Plaintiff failed to fully exhaust administrative remedies regarding the claims asserted. ECF No. 12.

**Standard of Review**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Factual allegations in the Compaint must be enough to creates a legally cognizable right to relief. Id. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 563. The court need not, however, accept unsupported legal allegations, see Revene v. Charles County Comm'rs., 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

**Analysis**

Defendant asserts that Plaintiff failed to exhaust his claims through an available administrative remedy procedure, an assertion supported by Plaintiff's statements in his Complaint. ECF No. 1, p. 2; ECF No. 12 at 2. This affirmative defense must be overcome by Plaintiff in order for his case to proceed.

2

The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (2012).

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions, and it is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. See Porter v. Nussle, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. See Booth v. Churner, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. See Jones v. Bock, 549 U.S. 199, 220 (2007).

Plaintiff's claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement under the Prison Litigation Reform Act ("PLRA") or that Defendant has forfeited the right to raise non-exhaustion as a defense. See Chase v. Peay, 286 F.Supp.2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. Chase, 582 F.Supp.2d at 530; Gibbs v. Bureau of Prisons, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); Booth, 532 U.S. at 735 (affirming

dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003), abrogated on other grounds by Woodford v. Ngo, 548 U.S. 81 (2006) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Plaintiff does not address Defendant's assertion that he never attempted to exhaust administrative remedies with respect to the claim asserted in the Complaint, although he does state in the Complaint that he filed an initial grievance but did not appeal it "due to reading and writing disability."[3] ECF No. 1 at 2. Additionally, Plaintiff offers no statements regarding Defendant's personal involvement in creating the conditions as stated in the Complaint. Thus, the Complaint must be dismissed. A separate Order follows.

October 24, 2013 /s/
_____
George L. Russell, III
United States District Judge

---

[3] Such disability did not limit Plaintiff's ability to file the instant lawsuit.